**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Dari Mauricio Mayorga Lopez,<br><br>                              Petitioner,<br><br>                    -v-<br><br>Kristi Noem; and Officer Montgomery,<br><br>                              Respondents. | 2:26-cv-1201<br>(NJC) |

**STAY OF REMOVAL AND ORDER TO SHOW CAUSE**

NUSRAT J. CHOUDHURY, United States District Judge:

This case has been assigned to me for all purposes. On March 2, 2026, Petitioner filed a Petition for Writ of Habeas Corpus. *See* ECF No. 1.

The parties are **ORDERED** to appear before this Court for a hearing on the Petition on **Friday, March 6, 2026, at 2:00 p.m.** in Courtroom 1040 of the Alfonse D'Amato United States Courthouse, 100 Federal Plaza, Central Islip, New York, 11722. **Respondents are further ORDERED to produce Petitioner for in-person appearance at the hearing.**

I.      **Respondents' Response to the Petition**

Respondents shall submit a letter, **by tomorrow, March 3, 2026, at 4:00 p.m.**, indicating whether a hearing is necessary and addressing how the Court should handle the Petition. In the letter, Respondents must :

(1) provide Petitioner's A-number, current place of detention, and a contact person who can facilitate counsel's access to Petitioner;

(2) address whether that Petitioner has been transferred in violation of this Order;

(3) address whether Petitioner will be transferred at any point prior to the Show Cause hearing on March 6, 2026, and if so, where;

(4) address whether Petitioner has been or will be detained in 535 Federal Plaza, Central Islip, NY, and if so, the specific dates and times;

(5) identify the statutory provision(s) under which Respondents assert the authority to detain Petitioner;

(6) address whether there is any basis to distinguish this case from this Court's decision in *Rodriguez-Acurio v. Almodovar*, __ F. Supp. __, No. 2:25-cv-6065, 2025 WL 3314420 (E.D.N.Y. Nov. 28, 2025), or from any other decision of this Court. If Respondents take the position that the outcome of this Petition is controlled by *Rodriguez-Acurio* or any other decision(s) of this Court, then the submission may take the form of a letter conceding that point and indicating whether Respondents would consent to issuance of the writ—subject to preservation of Respondents' arguments for appeal; and

(7) provide all records material to resolution of this action, including a copy of any Notice to Appear, any final order of removal, and any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings.

(8) provide a sworn declaration by a government official who has personal knowledge of facts on which Respondents rely in any opposition to the Petition, including the basis for arresting and detaining the Petitioner and the basis for any custody determination by DHS/ICE.

Finally, should Respondents contest that this Court is the proper venue, Respondents must state so in their letter and must address the applicability of this Court's decision in *Valdes Acevedo v. Nassau Cnty. Corr. Ctr.*, No. 2:26-cv-250, 2026 WL 184645, (E.D.N.Y. Jan. 24, 2026). **Contesting venue does not relieve Respondents from providing the other information required by this Order**.

If Respondents do not take the position that the outcome of this Petition is controlled by a prior decision of this Court, Respondents are further **ORDERED** to show cause why the Petition for Writ of Habeas Corpus should not be granted by **March 5, 2026, at Noon.** Petitioner's Reply, if any, shall be filed by **March 6, 2026, at 10:00 a.m.**

## II.    The Show Cause Hearing

Petitioner's counsel must notify the Court in writing by March 3, 2026 if an interpreter is needed for the March 6, 2026 hearing and if so, what language interpretation the Petitioner requires.

The following requirements apply to the ORDER that Respondents, including Immigration and Customs Enforcement ("ICE"), produce Petitioner for an in-person appearance at the hearing on March 6, 2026, at 2:00 p.m.:

(1) It is ORDERED that U.S. Immigration and Customs Enforcement and/or its designee shall maintain custody of Petitioner throughout the entire hearing.

(2) Following the hearing, if the Court orders Petitioner to remain in detention, U.S. Immigration and Customs Enforcement shall return Petitioner under safe and secure custody to the facility from which Petitioner was brought to appear at the hearing.

(3) Alternatively, if the Court grants the Petition and orders Petitioner released from detention, U.S. Immigration and Customs Enforcement shall immediately process Petitioner for release directly from the Court, along with any belongings that were seized from him, in accordance with any orders of the Court that may issue at that time.

(4) **Accordingly, U.S. Immigration and Customs Enforcement and/or its designee are ORDERED to bring to the Court on the date of the in-person hearing all of Petitioner's belongings that are in Respondents' possession, including but not limited to identification cards, clothing, and money**, so that Petitioner may be released directly from the hearing along with their belongings, in the event the Court orders Petitioner's release.

(5) It is further ORDERED that U.S. Immigration and Customs Enforcement shall bear the costs of implementing the terms of this order.

### III.   Stay of Removal and Transfer

**To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from the United States unless and until the Court orders otherwise.** *See, e.g.*, *Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act [28 U.S.C. § 1651] authorizes a

3

federal court to protect that jurisdiction")[1]; *Garcia-Izquierdo v. Gartner*, No. 04-cv-7377, 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case"); *Chan v. Almodovar*, No. 25-cv-5095, ECF No. 14 (E.D.N.Y. Sept. 10, 2025) ("Solely to preserve the Court's jurisdiction over this matter pending a ruling by the assigned judge on the pending motion for a TRO, plaintiff-petitioner shall not be removed from the United States unless and until the assigned judge orders otherwise."); *Khalil v. Joyce*, No. 25-cv-1935, ECF No. 9 (S.D.N.Y. Mar. 10, 2025) (barring the government from removing petitioner from the United States until the Court could address his claim); *cf. Michael v. I.N.S.*, 48 F.3d 657, 661-62 (2d Cir. 1995) (holding that the All Writs Act provides a federal court of appeals reviewing a final removal order with a basis to stay removal).

In light of Petitioner's interests in participating in further proceedings before this Court and in maintaining adequate access to legal counsel through these proceedings, **it is further ORDERED that Petitioner shall not be transferred except to a facility within this District, the Southern District of New York, or the District of New Jersey absent further order of this Court.** *See Ozturk v. Trump*, No. 25-cv-374, 2025 WL 1145250, at *15 (D. Vt. Apr. 18, 2025) (ordering petitioner's transfer from Louisiana to Vermont due, in part, to her pending habeas petition), *stay and mandamus denied*, *Ozturk v. Hyde*, 136 F.4th 382, 403 (2d Cir. 2025); *Westley v. Harper*, No. 25-cv-229, ECF No. 7 (E.D. La. Feb. 2, 2025) (restraining respondents "from (a) attempting to remove petitioner from the jurisdiction of the United States District

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, brackets, and citations.

4

Court for the Eastern District of Louisiana to any location outside [the] district, and (b) removing petitioner from the United States"); *Sillah v. Barr*, No. 19-cv-1747, ECF No. 6 (S.D.N.Y. Feb. 25, 2019) (enjoining respondents from transferring defendant outside of the New York City area while defendant's habeas petition was pending); *Campbell v. U.S. Immigr. & Customs Enf't*, No. 20-cv-22999, ECF No. 13 (S.D. Fl. July 26, 2020) (granting a stay of petitioner's transfer and prohibiting respondent "from transferring Petitioner to another detention facility during the pendency of the stay"); 28 U.S.C. § 1651(a) (empowering courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

### IV.   Additional Requirements

All counsel are required to register promptly as filing users on ECF. **All counsel must familiarize themselves with the Court's Individual Rules, which are available at https://www.nyed.uscourts.gov/pub/rules/NJC-MLR.pdf.** Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

If this case has been settled or otherwise terminated, counsel are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the hearing, using the appropriate ECF Filing Event. *See* EDNY CMECF NextGen Information, *available at* https://www.nyed.uscourts.gov/cmecf-nextgen-information.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least two (2) business days prior to the scheduled appearance or deadline. The written submission must state: (1) the reason for the request; (2) the original date(s); (3) the number of previous

requests for adjournment or extension; (4) whether these previous requests were granted or denied; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (6) three proposed dates for adjournment or extension of time that are mutually convenient to the parties. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

**Within 24 hours of issuance of this Order, Petitioner's counsel must: (1) serve Respondents with a copy of the petition and accompanying papers, along with a copy of this Order, by email to the United States Attorney's Office for the Eastern District of New York and by overnight mail, and (2) promptly file proof of such service on the docket.** Counsel for Respondents shall promptly enter notices of appearance.

The Clerk of Court is directed to email the Petition to the Chief of the Civil Division of the U.S. Attorney's Office for the Eastern District of New York.

Dated: Central Islip, New York
March 2, 2026

_/s/ Nusrat J. Choudhury_
NUSRAT J. CHOUDHURY
United States District Judge